UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CIVIL ACTION NO.: _____
*Electronically Filed*

| | |
|---|---|
| MARCIA COLVIN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| KENTUCKY CVS PHARMACY, LLC. | ) |
| AND | ) |
| CVS PHARMACY, INC. (STORE # 5437) | ) |
| | ) |

## NOTICE OF REMOVAL

    Come now the Defendants, Kentucky CVS Pharmacy, LLC, and CVS Pharmacy, Inc. (STORE #5437) ("Defendants")[1], by and through counsel, and for their Notice of Removal of this action from the Pendleton Circuit Court for the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully state as follows:

    1.    That on or about May 24, 2022, the Plaintiff, Marcia Colvin ("Plaintiff"), initiated this action by filing a Complaint in the Pendleton Circuit Court, Civil Action No. 22-CI-00072, against Kentucky CVS Pharmacy, LLC and CVS Pharmacy, Inc. (STORE #5437), arising from an alleged trip-and-fall accident that occurred inside of the CVS store located at 1157 Ridgeway

---

[1] Kentucky CVS Pharmacy, LLC is the only correct Defendant in this matter. Named Defendant CVS Pharmacy, Inc. (STORE #5437) was improperly sued. CVS Pharmacy, Inc. (STORE #5437) is not a proper and/or necessary party to this action because CVS Pharmacy, Inc. is the sole member of Defendant Kentucky CVS Pharmacy, LLC. Kentucky CVS Pharmacy, LLC is the only proper Defendant in this matter based on Plaintiff's allegations.

Avenue, Falmouth, Kentucky 41040 (the "Store") on May 28, 2021. (*See generally* Plaintiff's Complaint).

2. Plaintiff's Complaint asserts negligence claims sounding in premises liability against Defendants. Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit A**.

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

4. Service of the initial pleading in this matter occurred on May 31, 2022. Accordingly, this notice of removal is timely because less than thirty days have elapsed since service of the initial pleading setting forth Plaintiff's claims.

## VENUE

5. Venue for this removal action is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(2) and 3.2(b) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky because the United States District Court for the Eastern District embraces the place in which the removed action was pending—Pendleton County—and the Lexington branch of the Central Division is the specific appropriate venue for this action.

## BASIS FOR REMOVAL

6. Pursuant to 28 U.S.C. §§ 1332 and 1367, and as expounded below, removal of this matter is proper on the basis of diversity jurisdiction, as there is complete diversity between

Plaintiff and the proper Defendant, Kentucky CVS Pharmacy, LLC, and, upon information and belief, the amount in controversy exceeds $75,000.00.

## DIVERSITY OF CITIZENSHIP

7. The Plaintiff, upon information and belief, is a resident of the Commonwealth of Kentucky.

8. Defendant CVS Pharmacy Inc., (STORE # 5437) is not a proper entity to this suit.

9. The proper Defendant, Kentucky CVS Pharmacy, LLC, is a Limited Liability Company with all of its members residing in Rhode Island.

10. For purposes of diversity jurisdiction, "[t]he general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, Defendant Kentucky CVS Pharmacy, LLC is a citizen of Rhode Island for purposes of diversity jurisdiction because it is a limited liability company and all its members reside in Rhode Island. Copies of records maintained by the Kentucky and Rhode Island Secretary of State are attached as **Exhibit B**.

11. Complete diversity exists between the parties in this matter pursuant to 28 U.S.C. § 1332 (a) and (c) because there is diversity of citizenship between Plaintiff and Kentucky CVS Pharmacy, LLC. Although they are not a proper party, diversity also exists between Plaintiff and improperly named Defendant CVS Pharmacy, Inc. (STORE #5437).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12. Upon information and belief, the amount in controversy in this case exceeds $75,000.00, excluding interest and costs. Plaintiff is seeking compensatory damages, including past and future medical expenses and past and future physical and mental pain and suffering.

(Complaint at ¶ 14). Plaintiff has placed no limitation on her prayer for relief and as such, it is apparent that the amount in controversy exceeds the minimum jurisdictional amount.[2]

13.     A true and accurate copy of Defendants' Notice of Removal was filed with the Clerk of Court of the Pendleton County Circuit Court today.

WHEREFORE, the Defendants, Kentucky CVS Pharmacy, LLC and CVS Pharmacy, Inc. (STORE #5437), respectfully remove this action from the Pendleton County Circuit Court to this Court for all other appropriate procedures.

Respectfully submitted,

**REMINGER CO., L.P.A.**

/s/ Robert A. Ott
Robert A. Ott, Esq. #91927
730 West Main Street, Suite 300
Louisville, KY  40202
(502) 584-1310 - Telephone
(502) 589-5436 - Facsimile
rott@reminger.com
*Counsel for Defendants, Kentucky CVS Pharmacy, LLC and CVS Pharmacy, Inc. (STORE #5437)*

---

[2] If Plaintiff disputes that the amount in controversy exceeds the minimum jurisdictional amount, she is requested to swear or affirm under oath that she will neither see, attempt to prove, nor accept any judgment in an amount at or above the jurisdictional minimum. *See Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (holding that plaintiff's refusal to sing a binding stipulation that he would not seek, accept or collect more than $75,000.00 was evidence that plaintiff was seeking an amount in excess of the jurisdictional requirement).

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing was filed electronically on June 24, 2022 and a notice of electronic filing will be sent to all counsel of record and a copy will be sent via electronic mail to:

Margo L. Grubbs #27515
Grubbs & Landry, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY  41017
T:  (859) 341-2500
F:  (859) 341-2344
margo@grubbslaw.com
***Counsel for Plaintiff***

                                        /s/ Robert A. Ott
                                        Robert A. Ott, Esq.